IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PARKASH TALWAR, | ) | Case No. 11-16504 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |

## NOTICE OF MOTION

To:    Attached Service List

    PLEASE BE ADVISED that on June 1, 2011 at 9:30 a.m., we shall appear before the Honorable Jacqueline P. Cox in courtroom 619 of the courthouse located at 219 South Dearborn Street, Chicago, Illinois, and then and there present the *Debtor's Motion for Order Authorizing Interim Use of Cash Collateral*. A copy of the application has been filed with the Court, served upon the United States Trustee and the attached service list, and is available upon written request to the undersigned.

Dated: May 27, 2011                                     /s/ Carolina Y. Sales

Paul M. Bauch (ARDC # 6196619)
Carolina Y. Sales (ARDC # 6287277)
BAUCH & MICHAELS, LLC
53 W. Jackson Boulevard, Suite 1115
Chicago, Illinois 60604
Tel: (312) 588-5000
Fax: (312) 427-5709

## CERTIFICATE OF SERVICE

    The undersigned attorney certifies that on May 27, 2011, she caused the *Debtor's Motion for Order Authorizing Interim Use of Cash Collateral* to be served upon the persons identified on the attached service list by ❏ personally delivering a copy to the recipient at his or her respective address before 4:00 P.M; or ☑ mailing a copy to the recipient at his or her respective address by depositing the same in United States Post Office Box with proper first class postage affixed thereto; or ❏ personally delivering a copy to the recipient at his or her respective facsimile transmittal number, this transmittal being sent from a facsimile machine at 312-427-5709, and a copy of the facsimile transmittal record being attached hereto; or, ❏ electronically delivering a copy through the Court's CM/ECF filing system.

                                                                                         /s/ Carolina Y. Sales

### SERVICE LIST

| | | |
|---|---|---|
| American Express<br>PO Box 0001<br>Los Angeles, CA 90096-8000 | American Honda Finance<br>Attn: Bankruptcy<br>3625 W Royal Ln., Ste. 200<br>Irving, TX 75063 | Bank of America<br>PO Box 17054<br>Wilmington, DE 19850 |
| BMW Financial Services<br>5550 Britton Parkway<br>Hilliard, OH 43026 | Bullaro & Carton, P.C.<br>200 N. LaSalle St., #2500<br>Chicago, IL 60601 | Citgo Oil/Citibank<br>Attn:Centralized Bankruptcy<br>PO Box 20432<br>Kansas City, MO 64195 |
| Citimortgage, Inc.<br>PO Box 9438<br>Gaithersburg, MD 20898 | Cook County Treasurer<br>118 N. Clark St.<br>Chicago, IL 60602 | Department of the Treasury-IRS<br>Centralized Insolvency Operations<br>PO Box 21126<br>Philadelphia, PA 19114 |
| Directbuy, Inc.<br>8450 Broadway<br>Merrillville, IN 46410 | DuPage Treasurer<br>421 N. County Farm Road<br>Wheaton, IL 60187-2553 | Gemb/care Credit<br>PO Box 981439<br>El Paso, TX 79998 |
| Illinois Department of Revenue<br>Bankruptcy Section-Level 7-425<br>100 W Randolph St<br>Chicago, IL 60601 | Nicor Gas<br>Attn:Bankruptcy Department<br>PO Box 190<br>Aurora, IL 60507 | McGrath Lexus of Westmont<br>500 E. Ogden Ave.<br>Westmont, IL 60559 |
| Suburban Bank & Trust<br>150 East Butterfield Road<br>Elmhurst, IL 60126 | Roman Sukley, U.S. Trustee<br>U.S. Department of Justice<br>219 S. Dearborn, Rm 873<br>Chicago, IL 60604 | Mayer Y. Silber<br>Internal Revenue Service<br>200 W Adams Street<br>Suite 2300<br>Chicago, IL 60606 |
| Thomas Kentner<br>Bank of Shorewood<br>700 West Jefferson St.<br>Shorewood, IL 60404 | Dr. Tin Hla<br>7809 Joliet Dr. South<br>Tinley Park, IL 60477 | Next Level Marketing, Inc.<br>1607 Pontius Ave<br>Los Angeles, CA 90025 |
| Surjeet Talwar<br>1407 Colony Court<br>Lombard, IL 60148 | DirectBuy, Inc.<br>c/o Edward Wood Dunham<br>Wiggin and Dana LLP<br>265 Church Street<br>New Haven, CT 06510 | DirectBuy, Inc.<br>c/o C. Joseph Yast<br>Law Office of C Joseph Yast<br>8450 Broadway<br>Merrillville, IN 46410 |
| Honda Financial Services<br>Bankruptcy Dept.<br>P.O. Box 168088<br>Irving, TX 75016 | Elmhurst Road Properties<br>c/o Daniel L. Hess<br>400 W. Roosevelt, Unit 2W<br>Wheaton, IL 60187 | Good Friends, Inc.<br>1181-1185 Elmhurst Road<br>Des Plaines, IL 60016 |
| Radio Shack/Tandy Corporation<br>1191 S. Elmhurst Road<br>Des Plaines, IL 60016 | Knauz BMW of Lake Bluff<br>407 Skokie Valley Hwy.<br>Lake Bluff, IL 60044 | Master Craft Cleaners<br>1175 Elmhurst Road<br>Des Plaines, IL  60016 |
| Young Jae Kim & Eun Ok Shu<br>1177-1179 Elmhurst Road<br>Des Plaines, IL 60016 | American Honda Finance<br>P.O. Box 168088<br>Irving, TX 75016-8088 | |

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PARKASH TALWAR, | ) | Case No. 11-16504 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |

**DEBTOR'S MOTION FOR ORDER AUTHORIZING INTERIM USE
OF CASH COLLATERAL**

Parkash Talwar, debtor and debtor in possession ("Talwar" or the "Debtor"), moves this Court for an order authorizing the interim use of cash collateral pursuant to 11 U.S.C. §§ 363 and 506(c), Fed. R. Bankr. P. 4001(b) and Local Rule 4001-2:

### I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ l334 and 157.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

### II. BACKGROUND

3. On April 18, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). The Debtor is operating his business and managing his property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee or examiner has been appointed, and no official committee of creditors has yet been established.

5. The Debtor is a radiologist and professor at the University of Illinois at Chicago. He also owns and operates a commercial building at 1175-91 Elmhurst Road, Des Plaines, Illinois 60018, P.I.N. 08-24-102-026 (the "Elmhurst Road Property"). A copy of the Elmhurst Road Property legal description is attached hereto as Exhibit A.

6. Key Investment and Management Inc. ("Key Investment") is the property manager of the Elmhurst Road Property. The property management agreement is attached hereto as Exhibit B. This agreement was executed on December 1, 1983 with Key Investment's predecessor, Daniel L. Hess.

7. On July 2, 2008, the Debtor executed a promissory note payable to Bank of Shorewood that is secured by a mortgage on the Elmhurst Road Property (the "Mortgage"). The Mortgage was recorded with the Cook County Record of Deeds on July 29, 2008 as Document Number 0821148035.

8. On July 2, 2008, the Debtor also executed an assignment of rents to Bank of Shorewood, which was recorded with the Cook County Recorder of Deeds on July 29, 2008 as Document Number 0821148036. The rent roll report is attached hereto as Exhibit C.

9. As a result, Bank of Shorewood is the creditor with an interest in the Debtor's cash collateral. As of the Petition Date, the amount of Bank of Shorewood's claim was approximately $573,000.00.

10. Key Investment has reviewed the Debtor's accounts and historical financial statements and has prepared projections of sources and uses of cash. This budget is attached to the proposed interim cash collateral order.

11. The Debtor must use cash collateral to maintain the operations, utilities, maintenance, and insurance for the Elmhurst Road Property. Substantial amounts of the proposed expenditures are to preserve the value of the secured party's collateral and therefore are properly chargeable to the collateral.

### III. PROVISION THAT POTENTIALLY IMPLICATES LOCAL RULE 4001-2

12. Local Rule 4001-2(A)(2)(e) provides for additional disclosure with respect to provisions that deem pre-petition secured debt to be post-petition debt. Paragraph 2 of the interim cash collateral order contains states as follows:

> Any entity that establishes an interest in cash collateral shall be granted, as adequate protection of such interest, a replacement security interest in the Debtor's post petition rents in an amount equal to the value of its interest in the Debtor's cash collateral as of the Petition Date that the Debtor actually uses as authorized under the terms of this Order, and a super-priority administrative expense to the extent of any deficiency in such adequate protection.

### IV. ARGUMENT

13. Section 363(b)(1) provides that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 363 (a) and (c)(2) provides, however, that the "trustee may not, use, sell, or lease cash collateral under paragraph (1) of this subsection unless . . . each entity that has an interest in such cash collateral consents; or . . . the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provision of this section."

14. The Debtor asserts that Bank of Shorewood's interest in cash collateral is limited to the rent generated from the Elmhurst Road Property. *In re Wheaton Oaks Office Partners Limited Partnership,* 27 F.3d 1234, 1245 (7th Cir. 1994).

3

15. The Debtor needs to use cash collateral to fund the Elmhurst Road Property's operations for an interim period, pending final hearing on a cash collateral order in order to avoid immediate and irreparable harm to the estate. Fed. R. Bankr. P. 4001(b)(2).

16. Bank of Shorewood has consented to the Debtor's use of cash collateral. The Debtor proposes that, if necessary, as adequate protection of Bank of Shorewood's interest in cash collateral, Bank of Shorewood be granted a replacement lien upon the Debtor's post-petition rent in an amount equal to the cash collateral used. Bank of Shorewood is also adequately protected from any diminution in the value of its cash collateral, because the use of cash collateral will generate new rents in excess of the cash collateral used and will directly benefit the secured party by preserving the value of its collateral.

17. The Debtor reserves the right to assert a Section 506(c) surcharge against Bank of Shorewood's cash collateral and other collateral and reserves the right to contest the amount, validity and priority of any interest of the Debtor's creditors in the Debtor's assets.

18. The Debtor believes that a need exists for the Debtor to use cash collateral in order to maintain operations. The Debtor will be irreparably harmed unless he is authorized to use cash collateral immediately and on the terms and conditions set forth herein.

19. The Court's granting of the relief requested in this motion will minimize the disruption of the Debtor's business, preserve its value, and further the interests of the Debtor and his creditors. The Debtor also requests that the Court

4

set a final hearing to determine the terms of the Debtor's use of cash collateral throughout this Chapter 11 case.

WHEREFORE, the Debtor requests that this Court enter an order authorizing the Debtor's interim use of cash collateral, and for such further and other relief as may be appropriate.

Dated: May 27, 2011                           Respectfully submitted,

                                              PARKASH TALWAR

                                              By:    /s/ Carolina Y. Sales
                                                     One of His Attorneys

Paul M. Bauch (ARDC # 6196619)
Carolina Y. Sales (ARDC # 6287277)
BAUCH & MICHAELS, LLC
53 W. Jackson Boulevard, Suite 1115
Chicago, Illinois 60604
Tel: (312) 588-5000
Fax: (312) 427-5709

5